**Lee WATTS, Plaintiff–Appellant,**

v.

**NEW MEXICO STATE UNIVERSITY; Jay Gogue, President of N.M.S.U.; Bruce Hinrichs, Dept. Head; Bill Dictson, Dean and Director of Extension Service; Jerry Schichedenz, Dean of Agriculture & Home Economics; Bob Howell, Director of Personnel, in their individual and official capacities, Defendants–Appellees.**

No. 02–2223.

United States Court of Appeals,
Tenth Circuit.

March 19, 2004.

Steven L. Bell, Atwood, Malone, Turner & Sabin, Roswell, NM, for Defendants–Appellees.

Before EBEL, HENRY, and MURPHY, Circuit Judges.

**ORDER AND JUDGMENT**[*]

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Lee Watts appeals the district court's[1] entry of summary judgment in defendants' favor on his claims brought under 42 U.S.C. § 1983. He alleged his rights to procedural due process were denied when New Mexico State University (NMSU) transferred him from Eddy County to Zuni County, New Mexico, without affording him a pre-transfer hearing. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Watts was employed by NMSU as an Extension 4–H Agent, beginning in 1982, through a series of year-to-year contracts. In 1989, his employment was continued pursuant to a "continuous employment" contract. From 1982 until 2001, Mr. Watts worked in the Eddy County office, but in 2001, he was transferred to the office in Zuni County. Mr. Watts did not agree to the transfer. The decision to transfer him resulted from complaints about his work. He did not suffer a demotion in work responsibilities or a reduction in salary.

While still employed at the Zuni County office, Mr. Watts filed this lawsuit, claiming the defendants had violated his procedural due process rights by transferring him without notice and a hearing. The district court held that he did not have a protected property right in the location of his employment, particularly since the transfer did not result in any loss of benefits, and therefore, he was not entitled to procedural due process. In the alternative, the court held that the defendants were entitled to qualified immunity and Eleventh Amendment immunity.

On appeal, Mr. Watts challenges the summary judgment entered in defendants'

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

favor on the following grounds: (1) a written employment contract specified where his job would be located; (2) even if the written employment contract was ambiguous about the job location, a hearing to resolve the ambiguity was necessary; (3) alternatively, he had a property right in his job location pursuant to an implied contract; and (4) the defendants are not entitled to qualified immunity or Eleventh Amendment immunity.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir.1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the judgment in favor of the defendants for substantially the same reasons stated in the district court's July 31, 2002 memorandum opinion and order, which is appended to this order and judgment.

The judgment of the district court is AFFIRMED.